**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

**In re**

**CHERYL A. SANTORE,**                           Case No. 20-30170 (AMN)

                                                     Chapter 7

         **Debtor.**
_____

**WILLIAM K. HARRINGTON,**                  Adv. Proc. 20-_____ (AMN)
**United States Trustee for Region 2,**

         **Plaintiff,**
**v.**

**CHERYL A. SANTORE,**

         **Defendant.**
_____

**COMPLAINT TO DENY DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727**

       William K. Harrington, the United States Trustee for Region 2, by and through his undersigned counsel, for his complaint against Cheryl A. Santore hereby alleges as follows:

**Jurisdiction and Venue**

       1. This Complaint initiates an adversary proceeding as contemplated by Rule 7001(4) of the Federal Rules of Bankruptcy Procedure ("FRBP"). This controversy is a "core proceeding" as the term is defined by 28 U.S.C. § 157(b)(1) and (b)(2)(J).

       2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334 in that it arises under 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code") and arises in or relates to the bankruptcy case now pending before this Court, styled: <u>In re Cheryl A. Santore</u>, Case No. 20-30170 (JAM).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Parties

4. The plaintiff William K. Harrington is the duly appointed United States Trustee for Region 2 ("United States Trustee").

5. The United States Trustee is authorized to commence this adversary proceeding pursuant to 11 U.S.C. § 727(c).

6. The defendant is Cheryl A. Santore, the chapter 7 debtor in Case No. 20-30170 (JAM).

## Procedural Background

7. On February 3, 2020 ("Petition Date"), defendant Cheryl A. Santore ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code ("Petition"). *See* ECF 1.

8. On or about February 3, 2020, Andrea M. O'Connor was appointed interim trustee of the Debtor's estate ("Trustee O'Connor").

9. The Debtor retained William E. Carter, Esq. to represent her in her chapter 7 bankruptcy.

10. The original date to file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 was May 12, 2020. By order dated May 1, 2020, the United States Trustee obtained an extension of time to July 13, 2020 to file a complaint. *See* ECF 18. Accordingly, this Complaint is timely filed.

**Bank Accounts on Schedule AB and Responses to Transfer Questions on SOFA**

11. On the Petition Date, the Debtor filed Schedules A/B through J (collectively the "Schedules") and a Statement of Financial Affairs ("Original SOFA"). *See* ECF 1 attached as Exhibit A.

12. On February 3, 2020, the Debtor signed a Declaration About an Individual Debtor's Schedules which contained the following oath over her signature: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." *See* ECF 1 at page 45 of 64.

13. On February 3, 2020, as part of the Original SOFA, the Debtor signed a declaration under penalty of perjury which contained the following oath over her signature: "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. § 152, 1341, 1519, 3571." *See* ECF 1 at page 57 of 64.

14. On Schedule A/B ("Original Schedule AB") at question 17, the Debtor disclosed ownership of three accounts: (a) a checking account x2207 and a savings account x1635 at Bank of America ("BOA Accounts") with a collective balance of $4,875.00, and (b) a Fidelity Money Market Account ending in x4388 with a balance of $25.00 ("Fidelity MMA x4388 Account"). *See* ECF 1 at page 11 of 64.

15. Question 8 on the Original SOFA required the Debtor to disclose if she made any payments or transfers of property on account of a debt that benefitted an insider during the one-

year period prior to the bankruptcy filing. The Debtor's response was "no." *See* ECF 1 at page 49 of 64.

16. Question 13 on the Original SOFA required the Debtor to disclose if she made any gifts of a value of $600.00 or more in the two years before the bankruptcy filing. The Debtor's response was "no." *See* ECF 1 at page 50 of 64.

17. Question 18 on the Original SOFA required the Debtor to disclose all transfers and sales of property that took place within two years before the bankruptcy filing, other than transactions in the regular course of business or financial affairs. The Debtor's response was "yes," and she disclosed the transfer of real property known as 38 Botsford Road, Seymour, Connecticut to her ex-husband, Philip A. Santore. *See* ECF 1 at page 53 of 64.

### False Testimony At 341 Meeting

18. The Debtor's Section 341 meeting of creditors was held on March 13, 2020 ("341 Meeting").

19. The Debtor appeared at the 341 Meeting conducted by Trustee O'Connor, along with Attorney Carter. At the 341 Meeting, Trustee O'Connor placed the Debtor under oath and the Debtor gave testimony in response to Trustee O'Connor's questions. A copy of the transcript of the 341 Meeting ("341 Transcript") is attached here to as Exhibit B.

20. At the 341 Meeting, the Debtor testified that she read her bankruptcy papers before she signed them. *See* 341 Transcript at page 4.

21. At the 341 Meeting, the Debtor testified that her bankruptcy papers are true and accurate. *See* 341 Transcript at page 4.

22. At the 341 Meeting, the Debtor testified that she did not wish to make changes to her bankruptcy papers. *See* 341 Transcript at page 4.

23. At the 341 Meeting, the Debtor did not discuss or disclose any accounts at Fidelity that were not listed on Original Schedule AB. *See* 341 Transcript.

24. The Debtor's divorce judgment entered on January 8, 2020, less than a month prior to the Petition Date.

25. At the 341 Meeting, the Debtor testified that she is still living with her ex-husband. *See* 341 Transcript at pages 6-7.

26. At the 341 Meeting, Trustee O'Connor requested that the Debtor provide copies of the financial affidavits filed in the Debtor's divorce case. *See* 341 Transcript at page 30-31.

27. In response, on or about March 18, 2020, the Debtor, through Counsel, provided Trustee O'Connor with a copy of the Debtor's financial affidavit signed on January 7, 2020 and filed in the Debtor's divorce case ("January 2020 Debtor Divorce Affidavit").[1]

28. The January 2020 Debtor Divorce Affidavit lists two accounts at Fidelity: (a) one with account number ending in x5684 and a current balance of $34,282.39 and (b) one with an account number ending in x7548 and a current balance of $41,471.25 (collectively "Fidelity Accounts").

29. The January 2020 Debtor Divorce Affidavit lists the Fidelity Accounts as being controlled by the Debtor and with the Debtor as a listed beneficiary.

30. On or about March 19, 2020 and March 30, 2020, Trustee O'Connor requested that the Debtor provide statements for the Fidelity Accounts.

---

[1] Due to privacy concerns, a copy of the January 2020 Divorce Affidavit is not attached hereto.

**Undisclosed Fidelity Accounts and Amendments To Schedules**

31. On or about March 26, 2020 and April 27, 2020, Trustee O'Connor received certain account statements from the Debtor regarding the Fidelity Accounts, as well as other accounts at Fidelity.[2] Such statements evidence the following:

    a. As of the Petition Date, the Debtor was an owner of one of the Fidelity Accounts listed on the January 2020 Debtor Divorce Affidavit, namely Fidelity account ending in x7548 titled jointly with right of survivorship with her adult daughter, Rebecca Sara Santore ("Debtor/Rebecca Joint Account");

    b. As of the Petition Date, the balance of the Debtor/Rebecca Joint Account was approximately $42,148.35;

    c. On February 4, 2020, the day after the Petition Date, the entire balance of the Debtor/Rebecca Joint Account with the exception of $.04, was transferred to another account at Fidelity titled only in the name of Rebecca Sara Santore and bearing account number ending in x1154 ("Rebecca Individual Account");

    d. Within the one-year period prior to the Petition Date, a total of at least $18,527.59 was withdrawn out of the Debtor/Rebecca Joint Account ("Debtor/Rebecca Joint Account Pre-Petition Transfers");

    e. Between January 1, 2019 and December 31, 2019, the Debtor was an owner of the second of the Fidelity Accounts listed on the January 2020 Debtor Divorce Affidavit, namely Fidelity account ending in x5684 titled jointly

---

[2] Due to privacy concerns, copies of the statements of the Fidelity Accounts are not attached hereto.

    with right of survivorship with her adult daughter, Amanda Taylor Santore ("Debtor/Amanda Joint Account");

  f. On January 24, 2020, ten days before the Petition Date, Amanda Taylor Santore ("Daughter Amanda") opened up an account at Fidelity in her individual name bearing account number ending in x9508 ("Amanda Individual Account") with the sum of $34,880.14 that was transferred from the Debtor/Amanda Joint Account ("Amanda Account Opening Transfer"); and

  g. Excluding the Amanda Account Opening Transfer, an additional $22,732.44 was withdrawn out of the Debtor/Amanda Joint Account within the one-year period prior to the Petition Date ("Debtor/Amanda Joint Account Pre-Petition Transfers").

  *(i)* ***Undisclosed Debtor/Rebecca Joint Account***

32. The Debtor did not disclose her ownership of the Debtor/Rebecca Joint Account on the Original Schedule AB at question 17. *See* ECF 1 at page 11 of 64.

33. The Debtor did not disclose her ownership of the Debtor/Rebecca Joint Account at the 341 Meeting. *See* 341 Transcript.

34. On April 15, 2020, the Debtor filed an Amended Schedule AB which again disclosed the BOA Accounts and the Fidelity MMA Account at question 17, as well as a listing the previously omitted Debtor/Rebecca Joint Account. *See* ECF 11 at page 4 of 12 attached as Exhibit C hereto.

### *(ii) Undisclosed Amanda Account Opening Transfer from Debtor/Amanda Joint Account*

35.     The Original SOFA does not disclose the Amanda Account Opening Transfer from the Debtor/Amanda Joint Account to the Amanda Individual Account. *See* ECF 1.

36.     The Debtor did not disclose the Amanda Account Opening Transfer from the Debtor/Amanda Joint Account to the Amanda Individual Account at the 341 Meeting. *See* 341 Transcript.

37.     The Debtor has not filed an amended Statement of Financial Affairs to disclose the Amanda Account Opening Transfer from the Debtor/Amanda Joint Account to the Amanda Individual Account.

### *(iii) Undisclosed Debtor/Amanda Joint Account Pre-Petition Transfers*

38.     The Debtor did not disclose the Debtor/Amanda Joint Account Pre-Petition Transfers on the Original SOFA. *See* ECF 1.

39.     The Debtor did not disclose the Debtor/Amanda Joint Account Pre-Petition Transfers at the 341 Meeting. *See* 341 Transcript.

40.     The Debtor has not filed an amended Statement of Financial Affairs to disclose the Debtor/Amanda Joint Account Pre-Petition Transfers.

### *(iv) Undisclosed Debtor/Rebecca Joint Account Pre-Petition Transfers*

41.     The Debtor did not disclose the Debtor/Rebecca Joint Account Pre-Petition Transfers on the Original SOFA. *See* ECF 1.

42.     The Debtor did not disclose the Debtor/Rebecca Joint Account Pre-Petition Transfers at the 341 Meeting. *See* 341 Transcript.

43. The Debtor has not filed an amended Statement of Financial Affairs to disclose the Debtor/Rebecca Joint Account Pre-Petition Transfers.

## FIRST CAUSE OF ACTION - 11 U.S.C. § 727(a)(2)

44. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

45. Based upon information sufficient to form a reasonable belief, the Debtor, with an attempt to hinder, delay or defraud creditors and/or the Debtor's chapter 7 trustee and estate, concealed or permitted to be concealed property of the bankruptcy estate within one year before the date of the filing or after the date of the filing of the Debtor's bankruptcy petition and thus has forfeited her right to obtain a discharge of her debts pursuant to 11 U.S.C. § 727(a)(2).

## SECOND CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

46. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

47. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Rebecca Joint Account on the Original Schedule AB, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

## THIRD CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

48. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

49. Based upon information sufficient to form a reasonable belief, by failing to disclose the Amanda Account Opening Transfer on the Original SOFA, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### FOURTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

50. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

51. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Amanda Joint Account Pre-Petition Transfers on the SOFA, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### FIFTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

52. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

53. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Rebecca Joint Account Pre-Petition Transfers on the SOFA, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### SIXTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

54. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

55. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Rebecca Joint Account to Trustee O'Connor at the 341 Meeting, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### SEVENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

56. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

57. Based upon information sufficient to form a reasonable belief, by failing to disclose the Amanda Account Opening Transfer from the Debtor/Amanda Joint Account to the Amanda Individual Account to Trustee O'Connor at the 341 Meeting, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### EIGHTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

58. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

59. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Amanda Joint Account Pre-Petition Transfers to Trustee O'Connor at the 341 Meeting, the Debtor has knowingly and fraudulently, in or in connection with the case

made a false oath or account at the 341 Meeting in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

### NINTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

60. Paragraphs 1 through 43 are hereby repeated and realleged as though fully set forth herein.

61. Based upon information sufficient to form a reasonable belief, by failing to disclose the Debtor/Rebecca Joint Account Pre-Petition Transfers to Trustee O'Connor at the 341 Meeting, the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account at the 341 Meeting in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited her right to obtain a discharge of her debts.

**WHEREFORE**, the United States Trustee respectfully requests:

    a. denial of the Debtor's discharge;

    b. the costs of suit; and

    c. for such other and further relief as is just and proper.

Dated at New Haven, Connecticut this 7th day of July, 2020.

                            WILLIAM K. HARRINGTON
                            UNITED STATES TRUSTEE FOR REGION 2

                    By:    /s/ Holley L. Claiborn
                            Holley L. Claiborn ct 17216
                            Trial Attorney
                            Office of the United States Trustee
                            Giaimo Federal Building
                            150 Court Street, Room 302
                            New Haven, CT 06510-7016
                            (203) 773-2210